IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PHILLIP J. ROBINSON, § | |
| Petitioner, § | |
| § | |
| VS. § | NO. 3-06-CV-1492-N |
| § | |
| NATHANIEL QUARTERMAN, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Phillip J. Robinson, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner was charged with four counts of burglary of a habitation, enhanced by two prior felony convictions. In each case, petitioner waived a jury trial, entered a non-negotiated guilty plea, and pled true to the enhancement paragraphs of the indictment. Although the state recommended a 35-year sentence and was open to deferred adjudication, the trial court sentenced petitioner to life imprisonment.[1] All four convictions were affirmed on direct appeal. *Robinson v. State*, Nos. 05-03-01663-CR, 05-03-01667-CR, 05-03-01668-CR & 05-03-01669-CR, 2004 WL 2163839 (Tex. App.--Dallas, Sept. 28, 2004, pet. ref'd). Petitioner also filed four applications for state post-conviction relief. The applications were denied without written order. *Ex parte Robinson*, Nos. 64,997-01,

---

[1] The trial court also revoked petitioner's probation for three other burglaries and sentenced him to life imprisonment in all three cases. Petitioner does not challenge those convictions on federal habeas review.

64,997-02, 64,997-03 & 64,997-04 (Tex. Crim. App. Jun. 28, 2006). Petitioner then filed this action in federal district court.

II.

In two grounds for relief, petitioner contends that: (1) his guilty plea was involuntary; and (2) he received ineffective assistance of counsel.

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). An unreasonable application of clearly established federal law is one in which "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*, 120 S.Ct. at 1523; *see also Pondexter v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2160 (2004). Stated differently, "a federal court may grant relief when a state court has misapplied a 'governing legal

principle' to 'a set of facts different from those of the case in which the principle was announced.'" *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003), *quoting Lockyer v. Andrade*, 538 U.S. 63, 76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).

With respect to mixed questions of fact and law, a federal habeas court must give deference to state court findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.), *cert. denied*, 121 S.Ct. 508 (2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

B.

Petitioner first contends that the trial court and defense counsel failed to properly admonish him as to the consequences of entering an "open" plea of guilty.

1.

A trial judge is required to ensure that a guilty plea is knowing and voluntary. *See James v. Cain,* 56 F.3d 662, 666 (5th Cir. 1995). The defendant must have "a full understanding of what the plea connotes and of its consequence." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991), *cert. denied*, 112 S.Ct. 1678 (1992), *quoting Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969). This constitutional inquiry focuses on three core concerns: (1) the absence of coercion; (2) an understanding of the charges; and (3) a realistic understanding of the consequences of the guilty plea. *United States v. Bernal,* 861 F.2d 434, 436 (5th Cir. 1988), *cert. denied*, 110 S.Ct. 203 (1989). These core concerns are addressed by the admonishments contained in Tex. Code Crim. Proc. Ann. art. 26.13. *See Montemayor v. Valdez*, No. 3-06-CV-0012-K, 2006 WL 740743 at *2 (N.D. Tex. Mar. 14, 2006) (Kaplan, J.), *rec. adopted*, 2006 WL 1348734 (N.D.

Tex. May 17, 2006), *citing* TEX. CODE CRIM. PROC. ANN. art 26.13 (Vernon Supp. 2005).[2]

2.

Petitioner was charged with four counts of burglary of a habitation, a second-degree felony, enhanced by two prior felony convictions. Instead of accepting the state's offer of a 35-year sentence in each case, petitioner elected to plead guilty without the benefit of a plea bargain and ask the court for deferred adjudication probation or community supervision. In a written plea agreement signed by petitioner, he acknowledged the full panoply of his constitutional rights and the consequences of his plea. (St. Hab. Tr. at 63-64). Although the state recommended a 35-year sentence and was open to deferred adjudication, there was no plea bargain or agreed sentence. (*Id.*). Rather, the plea agreement specifies that petitioner will enter an "open plea," subjecting him to "punishment anywhere within the range allowed by law." (*Id*).

At a plea hearing held on September 22, 2003, the trial judge informed petitioner that he was charged with four burglaries, enhanced by two prior felonies, and that the range of punishment upon conviction was not less than 25 years nor more than 99 years or life imprisonment. (SF-III at 4). Petitioner testified that he reviewed the indictments and the plea documents with his attorney, that he understood all of his rights and the waivers contained therein, and that he was pleading guilty to the indictments and true to the enhancement allegations. (*Id.* at 5). After hearing evidence on punishment, the trial court found petitioner guilty of the primary burglary offenses, accepted his plea of true to the enhancement paragraphs, and sentenced him to life imprisonment. (SF-IV at 100). Petitioner then inquired of the trial judge:

---

[2] The Fifth Circuit has held that the admonishments under Fed. R. Crim. P. 11 provide "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *United States v. Gracia*, 983 F.2d 625, 627 (5th Cir. 1993). The requirements of Rule 11 and article 26.13 are substantially similar. *Compare* FED. R. CRIM. P. 11 *and* TEX. CODE CRIM. PROC. ANN. art 26.13. It therefore follows that the same "prophylactic protections" attach to the admonishments under article 26.13. *See Jamme v. Cockrell*, No. 3-01-CV-1370-L, 2002 WL 1878403 at *5 n.4 (N.D. Tex. Aug. 12, 2002) (Kaplan, J.).

> THE DEFENDANT: Why did I go from 35 to life?
>
> THE COURT: I don't know anything about 35. What do you mean by that?
>
> THE DEFENDANT: I was offered 35.
>
> THE COURT: Well, you did an open plea. You rejected the plea bargain and you came open to me.
>
> THE DEFENDANT: It was my understanding that it was better that I go through with the open plea instead of the 35.
>
> THE COURT: I don't know anything about that. I went over with you the range of punishment. When I took your plea I explained to you what the consequences were, that the range of punishment in these cases started at 25 to 99 years or life confinement in the penitentiary. At no time did I tell you that you were going to get 35 years. That was your decision.
>
> THE DEFENDANT: I was told I would rather--that I would have taken the 35.
>
> THE COURT: Well, you know, you took a chance on asking me to give you probation. That's what you wanted. Now, what went into your decision to do that I don't know, but I clearly went over what the range of punishment was. If you had a question about it then you should have asked--okay? But I know one thing, that all the paperwork is signed and that you knew what the range of punishment was. Good luck to you.

(*Id.* at 101-02).

Petitioner now contends that the trial court and his attorney failed to properly admonish him as to the consequences of pleading guilty without the benefit of a plea bargain. In rejecting this claim on direct appeal, the state court held that "[n]othing in the record shows appellant was not aware of the consequences of his guilty pleas and that he was harmed or misled by the trial judge's admonishments." *Robinson*, 2004 WL 2163839 at *1. The state habeas court determined that petitioner understood the charges against him and the consequences of his plea, reviewed the case with his attorney, and expressed his desire to plead guilty without the benefit of a plea bargain. (St.

Hab. Tr. at 55).  Petitioner has failed to adduce any evidence, much less clear and convincing evidence, to rebut those findings.  To the contrary, it is apparent from the record that petitioner's strategy from the outset was to plead guilty and ask the court for deferred adjudication or some other kind of probation.  Such a result was possible only if petitioner entered an open plea of guilty.  That petitioner received a greater punishment than he hoped for does not render his guilty plea involuntary.

C.

Petitioner also complains that the trial court and his attorney misinformed him as to his eligibility for probation.  Respondent counters that this claim is barred from federal habeas review because it was never presented to the Texas Court of Criminal Appeals and any attempt to do so at this juncture would be futile.

1.

A federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default.  *Sawyer v. Whitley*, 505 U.S. 333, 338, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992).  Only procedural rules that are firmly established and regularly followed by state courts can prevent habeas review of federal constitutional rights.  *Hathorn v. Lovorn*, 457 U.S. 255, 262-63, 102 S.Ct. 2421, 2426, 72 L. Ed.2d 824 (1982).  Article 11.07 of the Texas Code of Criminal Procedure prohibits a second habeas petition if the petitioner urges grounds therein that could have been, but were not, raised in his first habeas petition.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 (Vernon Supp. 2005).[3]  This statute constitutes an adequate state procedural bar for

---

[3] The statute provides, in relevant part, that:

purposes of federal habeas review. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.), *cert. denied*, 115 S.Ct. 2603 (1995). The procedural bar doctrine also applies to unexhausted claims if the state court would likely dismiss a successive habeas petition under article 11.07. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991) (procedural default occurs when prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

2.

Although petitioner challenged the validity of his guilty plea on direct appeal and state collateral review, he never argued that the trial judge and his attorney misinformed him as to his eligibility for probation. No explanation is offered to excuse this procedural default. The court finds that a Texas court, presented with this claim in a successive habeas petition, would likely find it barred under article 11.07. Consequently, federal habeas relief is not proper. *Coleman*, 111 S.Ct. at 2557 n.1; *see also Nobles v. Johnson*, 127 F.3d 409, 422-23 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1845 (1998).

---

(a)  If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:

(1)  the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or

(2)  by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt . . .

TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a).

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 15, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE